IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES MICHAEL MURPHY**, <br><br> Plaintiff, <br><br> v. <br><br> **NITA GOSS**, in her individual capacity as Health Professionals Program Coordinator, Oregon Medical Board; **JOHN/JANE DOE**, in his or her individual capacity as an employee of the Oregon Medical Board; **W. KENT WILLIAMSON**, in his individual capacity as Board Chair of the Oregon Medical Board; and **KATHLEEN HALEY**, as the Executive Director of the Oregon Medical Board, <br><br> Defendants. | Case No. 3:14-cv-01135-SI <br><br> **OPINION AND ORDER** |

Marianne Dugan, 259 E. 5th Ave., Suite 200-D, Eugene, OR 97401. Of Attorney for Plaintiff.

Ellen F. Rosenblum, Attorney General and Todd Marshall, Senior Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 1162 Court Street N.E., Salem, OR 97301. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff, James Michael Murphy ("Plaintiff"), brings this action against three members of the Oregon Medical Board ("OMB"): Nita Goss, Kent Williamson, and Kathleen Haley, as

PAGE 1 – OPINION AND ORDER

well as John/Jane Doe, an unidentified employee of the OMB (Collectively "Defendants"). Before the Court is Defendants' Motion to Dismiss (Dkt. 14) Plaintiff's First Amended Complaint (Dkt. 7) for failure to state a claim. For the reasons that follow, Defendants' motion is granted.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference

PAGE 2 – OPINION AND ORDER

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

OMB issued a Final Order on July 17, 2012 (the "Final Order") finding that Plaintiff violated Or. Rev. Stat. ("ORS") § 677.190(1)(a) by engaging in unprofessional or dishonorable conduct as defined by ORS § 677.188(4)(a). ORS § 677.188(4)(a) defines unprofessional or dishonorable conduct to include any conduct or practice that does or might constitute a danger to the health or safety of a patient or the public. The Final Order states in relevant part:

> The evidence was established, by both a preponderance of evidence and by clear and convincing evidence, that Dr. Murphy consumed alcohol while on call in violation of Tuality's policy, and that this conduct violated recognized standards of ethics. The Board also finds that consuming alcohol while on cardiac call places the physician at risk of impaired function, and as such, constitutes conduct "which does or might adversely affect a physician's … ability to safely and skillfully to practice medicine…" ORS 677.190(4)(a). The Board concludes that Dr. Murphy engaged in unprofessional or dishonorable conduct and has grounds to sanction Dr. Murphy.
>
> Dr. Murphy is reprimanded for violating hospital policy, which has a direct bearing on patient safety, and his ethical duty to abstain from consuming alcohol while on cardiac call at Tuality Hospital. In doing so, Dr. Murphy subordinated the best interest of his patients to his own personal desires.

Plaintiff does not challenge the validity of the Final Order.

After issuing the Final Order, OMB reported the Final Order to the National Practitioner Data Bank ("NPDB") as required by the Health Care Quality Improvement Act of 1986[1] ("HCQIA"), a federal statute. Congress enacted the HCQIA to prevent malpractice, to improve the quality of health care, and to ensure that incompetent physicians could not move from state to

---

[1] 42 U.S.C. §§ 11101-11152.

PAGE 3 – OPINION AND ORDER

state without disclosing or others from discovering a physician's previous damaging or incompetent performance. The HCQIA seeks to promote these goals through professional peer review, which it accomplishes, in part, by limiting the civil liability of the physicians, administrators, and healthcare entities involved in professional review actions. The HCQIA established the NPDB to collect and release certain information about the professional competence and conduct of physicians, dentists, and other healthcare practitioners. The HCQIA and related regulations determine which professional review actions and other events must be reported and which entities must report to the NPDB under which circumstances. The HCQIA also imposes penalties for failing to report required information to the NPDB.

As part of the process of reporting the Final Order to the NPDB, the following question was posed to OMB: "Is the Adverse Action Specified in This Report Based on the Subject's Professional Competence or Conduct, Which Adversely Affected, or Could Have Adversely Affected, the Health or Welfare of the Patient?" Defendants responded "Yes" to this question. Plaintiff contends that Defendants' response was incorrect.

## DISCUSSION

Plaintiff brings his claims under 42 U.S.C. § 1983 for violation of his constitutional rights to substantive due process and equal protection. Defendants argue that they are immune from all of Plaintiff's claims under federal statutory, state law, and common law immunity.

### A. State and Common Law Immunity

Defendants argue that they are absolutely immune from suit under Oregon Law. ORS § 677.335 provides:

> (1) Members of the Oregon Medical Board, members of its administrative and investigative staff, medical consultants, and its attorneys acting as prosecutors or counsel shall have the same privilege and immunities from civil and criminal proceedings

PAGE 4 – OPINION AND ORDER

> arising by reason of official actions as prosecuting and judicial officers of the state.
>
> (2) No person who has made a complaint as to the conduct of a licensee of the board or who has given information or testimony relative to a proposed or pending proceeding for misconduct against the licensee of the board, shall be answerable for any such act in any proceeding except for perjury committed by the person.

Although ORS § 677.335 may, under certain circumstances, immunize OMB members against claims made under Oregon law, Plaintiff brings his claims under 42 U.S.C. 1983, not state law. *See Read v. Haley*, 2013 WL 1562938, at *7 (D. Or. Apr. 10, 2013) (OMB defendants were entitled to immunity only as to plaintiff's state law claims). Conduct by persons acting under color of state law that is wrongful under 42 U.S.C. § 1983 "cannot be immunized by state law." *Martinez v. State of Cal.*, 444 U.S. 277, 284 (1980). Accordingly, only federal statutory or common law immunity applies in this case.

Courts in the Ninth Circuit and the District of Oregon have repeatedly held that individual members of a state medical board are entitled to absolute immunity for quasi-judicial or quasi-prosecutorial acts in a Section 1983 case. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 925-26 (9th Cir. 2004); *Mishler v. Clift*, 191 F.3d 998, 1007 (9th Cir. 1999); *Read*, 2013 WL 1562938, at *7; *Gambee v. Cornelius*, 2011 WL 1311782, at *6 (D.Or. Apr.1, 2011); *Gambee v. Williams*, 971 F.Supp. 474, 477 (D.Or.1997).

Defendants are members of the OMB or members of the OMB's administrative or investigative staff.[2] Defendants argue that the disciplinary proceedings against Plaintiff, issuance of the Final Order, and the federally mandated reporting of the Final Order to the NPDB are all actions taken by Defendants as quasi-prosecuting or quasi-judicial officers. Citing *Olsen*,

---

[2] The John/Jane Doe employee of the Oregon Medical Board is presumably either administrative or investigative staff.

PAGE 5 – OPINION AND ORDER

363 F.3d at 925-26, Defendants argue that the federally mandated reporting requirements are "inextricably bound" with Defendants "statutorily assigned adjudicative functions" and are therefore protected by common law immunity.

*Olsen*, however, does not support Defendants' argument. The court in *Olsen*, citing *Mishler*, 191 F.3d at 1009, explained that "the scope of quasi-judicial immunity extends only to 'those actions that are judicial or closely associated with the judicial process.'" 363 F.3d at 928. The *Mishler* court found that, while members of the Nevada Medical Board were entitled to absolute immunity, certain conduct did not fall within the scope of that absolute immunity. Applying the Supreme Court's "functional approach" to immunity law, *see Cleavinger v. Saxner*, 474 U.S. 193, 201 (1985), the *Mishler* court determined that the "act of responding to inquiries from other medical boards would seem to be, at its essence, an administrative function entailing examination of records and sending of correspondence. This act is not closely associated with the judicial process and thus falls outside the protections of absolute immunity." 191 F.3d at 1008. Similarly, while the disciplinary proceedings against Plaintiff and issuance of the Final Order are indisputably quasi-judicial or quasi-prosecutorial acts, the actual reporting of that information to the NPDB is almost identical to the responses made to inquiries of other medical boards at issue in *Mishler*. Although Defendants argue that the report to the NPDB is mandated by federal law, the mere fact that an otherwise administrative action taken by a state agent is mandated by federal law does not cloak it with absolute immunity. Accordingly, federal common law immunity does not bar Plaintiff's claims.

## B. HCQIA Immunity

Defendants also contend that they are absolutely immune from liability for reports made to the NPDB in compliance with the HCQIA. Under the HCQIA, any healthcare entity that takes "final peer-review action" that "adversely affects a physician's hospital privileges for a period

PAGE 6 – OPINION AND ORDER

longer than thirty days" must report that final action to the state board of medical examiners. 42 U.S.C. § 11133(a)(1). The state board of medical examiners must then report this information to the National Practitioner Data Bank. *See* 45 C.F.R. § 60.11(b).

The HCQIA provides qualified immunity from damages actions for hospitals, doctors and others who participate in professional peer review proceedings or file reports with the NPDB. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1333 (10th Cir.1996). The HCQIA contains two separate immunity provisions: immunity for reports made to the NPDB pursuant to 42 U.S.C. § 11137 and professional review action immunity pursuant to 42 U.S.C. §§ 11111 and 11112. *See Hooda v. W.C.A. Serv. Corp.*, 2013 WL 2161821, at *5 (W.D.N.Y. May 17, 2013) (analyzing separate immunity provisions under the HCQIA). Because Plaintiff's claims relate only to Defendants' allegedly false report to the NPDB, rather than the validity of the OMB's peer review action, only the immunity granted by Section 11137 applies to this case.

Section 11137(c) of the HCQIA provides that no person or entity "shall be liable in any civil action with respect to any report made under this subchapter . . . without knowledge of the falsity of the information contained in the report." "[I]mmunity for reporting exists as a matter of law unless there is sufficient evidence for a jury to conclude the report was false and the reporting party knew it was false." *Brown*, 101 F.3d at 1334; *Ritten v. Lapeer Regional Medical Center*, 611 F.Supp.2d 696 (E.D. Mich. 2009). Moreover, Section 11137(c) immunity is complete: it provides immunity from both damages and suits for injunctive relief. *See Reyes v. Wilson Mem'l Hosp.*, 102 F. Supp. 2d 798, 822 (S.D. Ohio 1998) (contrasting Section 11137(c)'s "complete" grant of immunity with Section 11111's more limited grant of immunity from damages).

PAGE 7 – OPINION AND ORDER

In evaluating a report to the NPDB, courts do not evaluate whether the underlying merits of the reported action were properly determined. Instead, "the court's role is to evaluate whether the report itself accurately reflected the action taken." *Kunajukr v. Lawrence & Mem'l Hosp., Inc.*, 2009 WL 651984, at *23 (D. Conn. Jan. 12, 2009); *Cf. Brown*, 101 F.3d at 1334 (refusing to grant immunity in case where report to NPDB did not accurately reflect the findings of the professional review action, and there was sufficient evidence from which a reasonable jury could have concluded that the report was false and the defendant knew of its falsity).

Here, Plaintiff alleges that Defendants' report to the NPDB was "incorrect." Plaintiff does not, however, allege that Defendants' "had actual knowledge of the falsity of the information" as required by 42 U.S.C. § 11137(c) and 45 C.F.R. § 60.22. Moreover, in his Response to Defendants' Motion to Dismiss, Plaintiff concedes that "the 'actual knowledge' possessed by the person who submitted the information [to the NPDB] is unknown at this time." Because there is no allegation in Plaintiff's Amended Complaint that the information contained within the NPDB report was knowingly false, Plaintiff's claim is deficient and must be dismissed.

## CONCLUSION

Defendants' Motion to Dismiss (Dkt. 14) is GRANTED. Plaintiff's Amended Complaint (Dkt. 7) is DISMISSED without prejudice. Plaintiff may replead within 14 days from the date of this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 26th day of January, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 8 – OPINION AND ORDER